UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD J. ANTES,

   Plaintiff,            Case No: 1:12-cv-1188

v.                   HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.
                   /

## OPINION AND ORDER

Plaintiff filed this action seeking judicial review of a decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for Supplemental Security Income (SSI). *See* 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R), recommending that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). The matter is presently before the Court on Defendant's objections to the R & R (Dkt 17). Plaintiff has filed a Response (Dkt 18). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R & R to which objections have been made. The Court denies the objections and issues this Opinion and Order.

**I.**

The Magistrate Judge recommended that this case be reversed and remanded. He concluded that the Administrative Law Judge (ALJ) failed to follow the treating physician's rule when evaluating the medical opinions from Dr. Simmons, Plaintiff's treating physician (R & R, Dkt 16

at 12). Consequently, the ALJ's Step Five determination, that there is a significant number of jobs that Plaintiff can perform, should be re-evaluated as it was based on an inaccurate portrayal of Plaintiff's physical and mental limitations (*id*. at 16-18).

Defendant objects to the recommendation to reverse and remand this case. Defendant argues that the ALJ's evaluation of Dr. Simmons' opinion was proper, as was the ALJ's conclusion that the opinion should not be controlling because it was poorly supported and inconsistent with the record (Obj. at 2, 6). Defendant argues that the ALJ's analysis closely tracks the regulatory requirements for evaluating a treating physician's opinion. That is, the ALJ's references to Dr. Simmons' examination findings and Plaintiff's subjective reports address the standards for determining whether a treating physician's opinion is controlling, and if not controlling, the weight it should be accorded based on the required factors under 20 C.F.R. §§ 404.1527(c) and 416.927(c): supportability, consistency, extent of treatment relationship, and speciality (*id.* at 3-4).

Defendant also asserts that the Magistrate Judge's analysis of the ALJ's evaluation contains errors of fact and law. For instance, the Magistrate Judge incorrectly stated that the ALJ cited only one minor difference between the doctor's and Plaintiff's statements regarding sitting ability, when in fact this difference was merely *further* support for the ALJ's conclusion that Dr. Simmons may have over-relied on Plaintiff's statements (Obj. at 4). Additionally, the case law cited by the Magistrate Judge with regard to the propriety of Dr. Simmons' assessment of Plaintiff's mental health is inapposite (*id.* at 5-6).

## II.

Having reviewed the record, the Court finds Defendant's arguments and assertions without merit. The Magistrate Judge set forth verbatim the ALJ's evaluation of Dr. Simmons' opinions (R

& R at 14), and properly concluded that the ALJ did not articulate good reasons for rejecting Dr. Simmons' opinions (R & R at 15). The Magistrate Judge noted that "[w]hile the ALJ states that Dr. Simmons' RFC questionnaire contained inconsistencies, she provides little specific information on the actual inconsistencies" (*id.* at 15). The Magistrate Judge then stated an example of a discrepancy cited by the ALJ regarding Plaintiff's sitting ability, pointing out that it was based on an inaccurate reference to Plaintiff's testimony (*id.*). Regardless whether this inaccuracy related to the ALJ's finding of inconsistencies or Dr. Simmons' purported over-reliance on Plaintiff's subjective statements (as Defendant asserts), it was part of the ALJ's basis for discrediting Dr. Simmons' conclusions, and properly considered by the Magistrate Judge.

The Magistrate Judge also properly disagreed with the ALJ's rejection of Dr. Simmons' opinions regarding Plaintiff's depression and anxiety on the grounds that Dr. Simmons was not a mental health specialist and never referred Plaintiff to a mental health specialist (R & R at 15). The Magistrate Judge noted that "as an M.D. licensed to practice medicine in Michigan, Dr. Simmons is qualified to treat both physical and mental conditions" (*id.*, citing MICH. COMP. LAWS § 333.17001(f); *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987) (a duly licensed physician under the laws of most states, can practice and render psychiatric services, i.e., prescribe psychotropic medication, conduct psychotherapy, etc.); *Bushor v. Comm'r of Soc. Sec.*, No. 1:09-cv-320, 2010 WL 2262337 at *10, n.4 (S.D. Ohio Apr. 15, 2010); *Lester v. Chater,* 81 F.3d 821, 833 (9th Cir. 1995).

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating a plaintiff's alleged disability. *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir. 2001). "The treating physician doctrine is based on the assumption that a medical professional who has dealt with

3

a claimant and his maladies over a long period of time will have a deeper insight into the medical condition of the claimant than will a person who has examined a claimant but once, or who has only seen the claimant's medical records." *Barker v. Shalala,* 40 F.3d 789, 794 (6th Cir. 1994).

An ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773. However, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004); 20 C.F.R. § 404.1527(c)(2) ("[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion").

Here, as the Magistrate Judge concluded, the ALJ's reasons for rejecting Dr. Simmons' opinion fall far short of the required standard. As Plaintiff's Response aptly points out, the ALJ's statement that "the doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant" is, at most, vague reasoning without any foundation in support (Resp., Dkt 18 at 4, quoting ALJ Decision, Dkt 7-2 at 27). "The ALJ's use of the word 'apparently' implies that the ALJ seems to be guessing at his own reasoning" (Resp., Dkt 18 at 4). The ALJ further states that "the possibility always exists that Dr. Simmons expressed an opinion in an effort to assist a patient with whom he sympathizes for one reason or another" (ALJ Decision at 27). The ALJ concludes:

> Another reality, which should be mentioned, is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case.

4

(*id.*). Such speculative reasoning cannot be construed to constitute the required "good reasons," or substantial evidence, for rejecting Dr. Simmons' opinions.

As the Magistrate Judge observed, the ALJ's reasoning reflects an unfounded assumption that "[P]laintiff was overly insistent that Dr. Simmons exaggerate his symptoms and that Dr. Simmons was equally ready to capitulate to this demand" (R & R at 16). Because the ALJ did not give good reasons for rejecting Dr. Simmons' opinion regarding Plaintiff's physical limitations, as well as the doctor's opinion that Plaintiff's anxiety and depression affected his ability to perform even low stress jobs, this case is properly reversed and remanded.

Accordingly:

**IT IS HEREBY ORDERED** that the objections (Dkt 17) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 16) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is REVERSED AND REMANDED pursuant to sentence four of 42 U.S.C. § 405(g); on remand, the Commissioner shall re-evaluate Dr. Simmons' opinions expressed in the doctor's physical RFC questionnaire and, if necessary, re-evaluate the vocational evidence.

A Judgment will be entered consistent with this Opinion and Order.


Dated: March 31, 2014             /s/ Janet T. Neff
                                               JANET T. NEFF
                                               United States District Judge