UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD J. ANTES,

       Plaintiff,

v.                                  Case No. 1:12-cv-1188
                                  Hon. Janet T. Neff

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
                               /

**REPORT AND RECOMMENDATION**

This matter is before the court on a stipulation and proposed order for attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (docket no. 21).[1]

       **I.**       **Background**

Plaintiff filed this action to contest an Administrative Law Judge's (ALJ's) decision denying benefits. The Court ruled in favor of plaintiff and entered a judgment reversing and remanding this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Judgment (docket no. 20). Now, plaintiff seeks attorney fees under the EAJA.

       **II.**      **Discussion**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

---

[1] After stipulating to fees, defendant inexplicably filed objections to the fees (docket no. 24), which she later withdrew (docket no. 25).

28 U.S.C. § 2412(d).  The "fees and other expenses" authorized by the EAJA include reasonable attorney fees.  28 U.S.C. § 2412(d)(2)(A).  "Eligibility for a fee award in a civil action therefore requires that (1) the claimant be a prevailing party, (2) the government's position was not 'substantially justified,' and (3) no special circumstances made an award unjust."  *Marshall v. Commissioner of Social Security*, 444 F.3d 837, 840 (6th Cir. 2006).

Plaintiff has met the three criteria to be eligible for an EAJA award.  First, plaintiff is the prevailing party.  *Marshall*, 444 F.3d at 840.  Second, the government has failed to demonstrate that its action was substantially justified.  *Id.*  On the contrary, defendant stipulated to an award of EAJA fees.  *See* Stipulation (docket no. 21).   Third, no special circumstances exist in this case to make an award unjust.  *Marshall*, 444 F.3d at 840.

The next step is to determine the amount of fees to be awarded under the EAJA, which provides that the amount of attorney fees awarded:

> shall be based upon the prevailing market rates for the kind and quality of services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).  "Although the EAJA was enacted in October 1981, it was amended in March 1996 to increase the hourly fee rate from $75.00 to $125.00. 28 U.S.C. § 2412(d)(1)(D)(2)(A)." *Metropolitan Van and Storage, Inc. v. United States*, 101 Fed. Cl. 173, 191 (Fed. Cl. 2011).   Thus, the statutory rate for EAJA fees has remained the same for nearly two decades since the last increase.  It has become commonplace for prevailing plaintiffs in Social Security Appeals to request EAJA fees and then request attorney fees in excess of $125.00 per hour. In recent years, this Court has found a reasonable attorney fee for experienced Social Security

practitioners in EAJA cases to be $175.00.  *See, e.g.*, *Malewitz v. Commissioner of Social Security*, No. 1:12-cv-1285, 2014 WL 3354017 (W.D. Mich. July 9, 2014); *Nichols v. Commissioner of Social Security*, No. 1:09-cv-1091, 2012 WL 1189764 (Report and Recommendation) (W.D. Mich. March 19, 2012), adopted in 2012 WL 1190175 (Order) (April 9, 2012); *Mueller v. Commissioner of Social Security*, 1:09–cv–695, 2011 WL 2648703 (W.D. Mich. July 6, 2011); *Karadsheh v. Commissioner of Social Security*, 1:08–cv–988, 2010 WL 4259644 (Report and Recommendation) (W.D. Mich. Sept.17, 2010), adopted in 2010 WL 4259616 (Order) (Oct. 20, 2010).

The Court based this $175.00 hourly rate on the increased cost of living as well as the prevailing market rate for hiring an attorney in Kent County, Michigan.  Kent County, a well populated county in the center of the southern division of this district, is home to the state's second largest city and a venue of this Court, and is well situated for determining a proper market rate.  *Cf. B & G Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 663 (6th Cir. 2008) (appropriate rate for attorney fees under the lodestar method "is not necessarily the exact value sought by a particular firm, but is rather the market rate in the venue sufficient to encourage competent representation") (McKeague, J.) (internal quotation marks omitted).  The mean hourly billing rate for attorneys in Kent County is $298.00, an amount which is 238% higher than the statutory rate set forth in the EAJA. *See Economics of Law Practice in Michigan*, Michigan Bar Journal, Vol. 93, No. 9 at p. 26  (2014 Survey) (Sept. 2014).  A significant majority of attorneys in Kent County (i.e., 75%) bill at an hourly rate exceeding $208.00, an amount which is 166% higher than the EAJA statutory rate.  *Id.*  Statewide, the mean hourly billing rate for public benefits attorneys in Michigan is $231.00, an amount which is 185% higher than the EAJA statutory rate. *Id*. at p. 25.  A significant majority of public benefits attorneys statewide (i.e., 75%) bill at an hourly

rate exceeding $180.00, an amount which is 144% higher than the EAJA statutory rate. *Id.* The reality is that most attorneys in Kent County, and most public benefits attorneys statewide, bill at hourly rates far in excess of the EAJA hourly rate of $125.00. Restricting attorney fees to the statutory rate - which has not changed in nearly two decades - will limit the availability of qualified attorneys for Social Security Appeals in this area. Given these considerations, the Court concludes that the previously allowed rate of $175.00 is a reasonable attorney fee for EAJA awards to successful plaintiffs in Social Security Appeals. While this fee is considerably more than the EAJA's statutory rate, it is still less than the fee charged by the majority of attorneys in Kent County, as well as the majority of attorneys practicing public benefits law statewide. Accordingly, the Court is justified in allowing fees up to that amount.

The parties originally submitted a stipulation to award plaintiff attorney fees in the amount of $7,000.00. *See* Stipulation. The Court entered an order to show cause which required plaintiff to provide evidence to support this request for attorney fees. *See* Order (docket no. 22). Plaintiff provided the requested evidence. *See* Plaintiff's Response (docket no. 23). Plaintiff seeks fees for 37.50 hours spent on this case at an hourly rate of $186.63.[2] This case was fairly typical, involving a normal-sized record, straightforward issues and no oral arguments or supplemental briefing. In the court's experience, counsel seeking EAJA fees related to Social Security Appeals spend in the range of 15 to 30 hours working on these appeals. *See, e.g.*, *Mueller v. Commissioner of Social Security*, 1:09-cv-695, 2011 WL 2650651 (W.D. Mich. April 11, 2011) (23.5 hours); *Cooper v. Commissioner of Social Security*, 1:09-cv-40, 2011 WL 3269446 (W.D. Mich. April 11,

---

[2] Based on the hourly rate of $186.63, plaintiff's counsel would be entitled $6,998.625, an amount which counsel rounded up to $7,000.00.

2011) (32.75 hours); *Karadsheh v. Commissioner of Social Security*, 1:08-cv-988, 2010 WL 4259644 (W.D. Mich. Sept. 17, 2010) (14.7 hours); *Huls v. Commissioner of Social Security*, 1:07-cv-748, 2008 WL 1932429 (W.D. Mich. May 1, 2008) (22.0 hours).  In this case, it appears to the Court that plaintiff's counsel's time spent on this matter exceeded that range.  In this regard, counsel's statement included aspects of clerical work such as: 1 hour for "Opened case and filed complaint through ECF, scanned and filed IFP application" (10/30/2012); 1 hour to "Receive and review answer from Defendant, document appropriate dates and reminders, download and save administrative record" (1/28/2013); 2 hours to "Receive, download, and review Report and Recommendation" (2/25/2014); and .5 hour to "Compile USDC hours and Draft/Prepare EAJA motion" (5/9/2014).  *See* Counsel's time sheet (docket no. 23-3).

In evaluating attorney fees under a fee shifting statute,

> [i]t is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available.  Such non-legal work may command a lesser rate.  Its dollar value is not enhanced just because a lawyer does it.

*Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n. 10 (1989) (attorney's fees under 42 U.S.C. § 1988).

Here, because plaintiff's counsel's statement included charges for legal work as well as work that could be accomplished by a non-lawyer, the Court will reduce the requested hours by 10%, resulting in 33.75 hours of attorney time.  *See, e.g., Communities for Equity v. Michigan High School Athletic Association*, No. 1:98-cv-479, 2008 WL 906031 at *4 (W.D. Mich. March 31, 2008) ("the propriety of simple across-the-board reductions by a certain percentage has been recognized by the Sixth Circuit as an appropriate mechanism for penalizing duplication and other billing

problems") (citing *Coulter v. Tennessee*, 805 F.2d 146, 152 (6th Cir.1986)). Accordingly, plaintiff's counsel should be awarded a fee in the amount of $ 5,906.25 (i.e., 33.75 hours x $175.00 per hour).

### III.     RECOMMENDATION

I respectfully recommend that plaintiff's stipulation for attorney fees pursuant to the EAJA (docket no. 21) be **GRANTED in part** and that defendant pay plaintiff attorney fees in the amount of **$5,906.25**.

Dated:  July 31, 2015                                    /s/ Hugh W. Brenneman, Jr.
                                                         HUGH W. BRENNEMAN, JR.
                                                         United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).